## Big Branch Coal Company v. Sanders.

(Decided May 21, 1914.)

### Appeal from Pike Circuit Court.

1. Master and Servant—Master's Liability for Injuries to Servant— Tools, Machinery, Appliances and Places for Work—Knowledge by Master of Defect or Danger.—Where the master knows of a danger he is required to impart the information to the servant; and for his failure so to do he is liable, unless the danger is one which the servant in the exercise of ordinary care could discover.

2. Damages—Inadequate and Excessive Damages.—A verdict of $1,000 where plaintiff's leg was broken and upon recovery was found to be shorter than the other, held not excessive.

AUXIER, HARMAN & FRANCIS for appellant.

CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Joel Sanders was injured by falling slate in the mine of the Big Branch Coal Company in Pike County, and instituted this action in the Pike circuit court against the coal company to recover damages for his injury.

Upon a trial thereof, the jury returned a verdict in his favor, and the coal company appeals.

There are two parallel passages in the mine, running back into the hill; the right passage being the main entry, and the left, an air course. The main entry and the air course are connected at intervals by passages known as breakthroughs, so that between the main entry and the air course is a series of blocks of coal, each bounded on one side by the main entry, on another side by the air course, and on the other two sides by breakthroughs.

A cross-entry, known as Fifth Left, was turned off of the air course, to the left and at right angles to the air course, immediately opposite one of these breakthroughs; and the coal company then proceeded to enlarge the breakthrough opposite the mouth of the cross-entry so turned off, so that the mules used in drawing the coal buggies could pass from the main entry through this breakthrough and across the air course and into the Fifth Left cross-entry, thus virtually converting this breakthrough into a part of the Fifth Left cross-entry.

In doing this work, it became necessary in order that a track might be laid from the main entry into the Fifth Left cross-entry, to round off a corner of the block of coal between the main entry and the air course at the point where the particular breakthrough mentioned connected with the main entry.

A machine operator undercut the coal at that point, and the plaintiff and a companion had shot the coal down and were engaged in loading it into a mine car standing on the train in the main entry, when a piece of slate fell upon plaintiff and injured him.

The slate had previously been taken down from the roof of the main entry in order to make the entry high enough for the mules used in drawing the coal-buggies; but as the breakthroughs were for ventilating purposes only, it was not necessary to take down the slate from the roofs thereof, and in this particular breakthrough, the slate had not been taken down. The slate that fell upon plaintiff came partly from the roof of the breakthrough and partly from the place from beneath which the coal had just been removed.

It was shown in evidence that while plaintiff was working there, after the coal had been shot down and a short time before he was injured, the foreman of the

mine visited the place where plaintiff was working, and sounded the top. And, it was also shown that immediately after plaintiff was injured and while he was lying on the ground, this mine foreman came up and stated that he learned when he sounded the top that the slate was loose and had intended to tell them about it or to have it taken down, but forgot to do so.

Plaintiff claimed that as the foreman sounded the top and did not say anything about it being unsafe, he assumed that it was safe and proceeded with his work, relying upon the inspection which the foreman had made.

1. It is contended by appellant that this case falls within and is controlled by the rule that the master is not responsible for a danger which the servant creates in the progress of the work. And, had it not been shown that the mine foreman visited the working place and sounded the roof, and had the master been charged with no duty to inspect the place in question, the case might fall within the rule contended for by appellant.

But it is plaintiff's theory, supported by sufficient evidence to authorize its submission to the jury, that the mine foreman undertook to make an inspection of the working place; that upon making that inspection the mine foreman became aware that the place was unsafe; and that he failed to disclose this knowledge to the servant.

There is some evidence tending to show that it was the duty of the mine foreman under the custom of the mine to inspect the place where plaintiff was working; but, whether the foreman was under any duty to inspect the place where plaintiff was injured at the time he was injured, or not, when he did inspect it, the master became charged with the knowledge thus acquired by the mine foreman of the dangerous condition of the working place; and for the failure of the mine foreman to impart this knowledge, or to take such other steps as would have relieved it from the consequences and responsibilities imposed by reason of such knowledge, the master is liable.

Where the master knows of a danger, he is required to impart the information to the servant; and for his failure so to do he is liable, unless the danger is one that the servant in the exercise of ordinary care could discover. Ballard & Ballard v. Lee's Admr., 131 Ky., 412, 115 S. W., 732.

It is true that the evidence upon the issue as to whether the mine foreman did actually make this inspection and acquire knowledge of the danger, was sharply contradicted; but that was a matter peculiarly for the jury.

2.   It was shown in evidence that plaintiff was working. for Jordan Ratliff and John Bryan; that they had a contract with the defendant company whereby they delivered the coal into buggies and drove entries for a stipulated price, paying plaintiff and one or more other men out of the contract price, the earnings of their assistants being credited upon the books of the company, and payment therefor being made by the company; that the company furnished machines, power and equipment; and that the mine foreman had authority to discharge anyone employed in the mine.   Defendant company pleaded in its answer that plaintiff was the servant of an independent contractor; but this matter has not been pressed upon appeal.   It has repeatedly been held that the operator of a mine cannot escape liability for negligence by such an arrangement.   Employers' Indemnity Co. v. Kelly Coal Company, 156 Ky., 74; Interstate Coal Co. v. Trivett, 155 Ky., 795.

3.   Appellant also contends that the verdict is excessive.   Plaintiff's leg was broken; he was confined for a month; and the injured leg by reason of the breaking was rendered shorter than the other.   The jury's finding was one thousand dollars.   It may be liberal, but we cannot say it is so altogether disproportionate to the injury as to indicate passion or prejudice; and it will not be disturbed.

Judgment affirmed.